**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orban Labs Incorporated, | No. CV-18-02296-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Circuit Research Labs Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Orban Labs Incorporated's ("Plaintiff") Application for Temporary Restraining Order ("TRO"), filed on July 20, 2018. (Doc. 8).[1] Defendants Circuit Research Labs, Inc. ("CRLI") and Orban USA, Inc. ("Orban USA") (collectively, "Defendants")[2] filed a Response to the TRO (Doc. 19), and the Court heard arguments on the Application on July 26, 2018. During that hearing, Plaintiff narrowed its request for injunctive relief to injury stemming from Defendants' alleged breach of a non-competition agreement. Defendants, in turn, represented to the Court that they were amenable to refraining from contacting or doing business with Plaintiff's customers or dealers in the Western Hemisphere. On that basis, the Court partially granted Plaintiff's TRO on the record but requested that the parties submit a joint proposed form of order by

---

[1] On July 25, 2018, Defendants filed a Motion to Compel Arbitration and Stay Proceedings Pursuant to 9 U.S.C. § 3 (Doc. 20) arguing that the operative Asset Purchase Agreement ("APA") between the parties provides that their disputes will be resolved through arbitration. The Court allowed Plaintiff until August 1, 2018 to respond and Defendants' until August 3, 2018 to file their reply. (Doc. 22).
[2] To date, Defendant Orban Europe GmbH ("Orban Europe") has not been served and thus was not on notice of the July 26, 2018 hearing.

Monday, July 30, 2018.  (*See generally* Minute Entry at Doc. 22).  The parties timely submitted that joint language to the Court.  (Doc. 23-1). Upon further reflection and having read, heard, and considered the parties' arguments, the Court now reconsiders its decision to partially grant Plaintiff's TRO.  *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as a matter of right").  Instead, the Court will deny Plaintiff's TRO but will approve the terms stipulated to by the parties and set an Order to Show Cause Hearing as to why a preliminary injunction should not issue in favor of Plaintiff on its claims for breach of the non-compete agreement.[3]   Plaintiff will therefore not be required to post a bond. Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Application for Temporary Restraining Order with Notice (Doc. 8).  The Court instead approves the stipulated terms proposed by the parties in Doc. 23-1.  In accordance with those terms, and for good cause showing,

**IT IS ORDERED** that Defendant CRLI is immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, from:

- interfering with the contracts and/or business relationships between Plaintiff and its customers or dealers in the Western Hemisphere;

- taking any action to divert Plaintiff's business away from Plaintiff in the Western Hemisphere; or

- competing with Plaintiff in the Western Hemisphere, soliciting Plaintiff's customers and dealers in the Western Hemisphere, doing business with Plaintiff's customers and dealers in the Western Hemisphere, or inducing or attempting to induce Plaintiff's employees or contractors to stop providing services to Plaintiff

---

[3] In their Notice of Lodging Proposed Form of Temporary Restraining Order and Parties' Position on Additional Proposed Language, CRLI also requests the Court include additional language that allows it to accept and fill product orders that it may receive from dealers or customers that are located in the Western Hemisphere because "[a]ny profit derived from said direct orders will benefit Plaintiff."  (Doc. 23 at 2).  Plaintiff objects to the inclusion of this language.  The Court will approve only those terms that have been stipulated to by the parties in this Order and therefore denies CRLI's request.

in the Western Hemisphere.

**IT IS FURTHER ORDERED** that the terms of this order will remain in force and effect until such time as this Court renders a final decision on Plaintiff's request for a preliminary and mandatory injunction.

**IT IS FURTHER ORDERED** setting a <u>Show Cause Hearing on Plaintiff's request for a preliminary and mandatory injunction on Tuesday, September 04, 2018 at 1:00 p.m.</u> in Courtroom 605 of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** as follows:

**Jointly**, the parties shall prepare and file a pre-hearing statement by <u>Tuesday, August 28, 2018</u>, setting forth the following information:[4]

### A.     COUNSEL FOR THE PARTIES

Include the mailing addresses, office phone numbers, and email addresses for:

Plaintiff(s):

Defendant(s):

### B.     STATEMENT OF JURISDICTION

Cite the statute(s) giving this Court jurisdiction.

State whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.

### C.     LIST OF WITNESSES

**Separately**, each party shall list the names of witnesses and their respective addresses, whether they're a fact or expert witness, and a brief statement as to the testimony of each witness. The witnesses shall be grouped as follows: (1) witnesses who <u>shall</u> be called at the hearing; (2) witnesses who <u>may</u> be called at the hearing; and (3) witnesses who are <u>unlikely</u> to be called at the hearing.

Additionally, the parties shall include the following text in this section of the joint pre-hearing statement: "Each party understands that it is responsible for ensuring that the

---

[4] The Court's copy of every document required by this Order shall be **three-hole punched** on the left side of the document.

witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

**D.     LIST OF EXHIBITS** (See Attachment #1)

The parties shall number exhibits as provided in Attachment #1 ("Exhibits – Marking, Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the joint pre-hearing statement):

1.     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

       a.     <u>Plaintiff's Exhibits</u>:

       b.     <u>Defendant's Exhibits</u>:

2.     As to the following exhibits, the parties have reached the following stipulations:

       a.     <u>Plaintiff's Exhibits</u>:

       b.     <u>Defendant's Exhibits</u>:

3.     As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

       a.     <u>Plaintiff's Exhibits</u>:

(E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

       b.     <u>Defendant's Exhibits</u>:

(E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because (the objection must specify why the exhibit is not relevant or material)).

. . . .

If there are more than 20 exhibits, the parties shall submit their exhibit lists in writing at least **five (5) business days** before the hearing in Microsoft Word format on USB flash drive or computer disc.

4.      The parties shall include the following text in this section of the joint pre-hearing statement:  "Each party hereby acknowledges by signing this joint pre-hearing statement that any objections not specifically raised herein are waived."

## E.      DEPOSITIONS TO BE OFFERED

The parties shall list the depositions that may be used at the hearing.  The portions to be read at the hearing shall be identified by page and line number in the joint pre-hearing statement.  Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony.  The offering party shall highlight in color the portions of the deposition to be offered.  If multiple parties are offering the same deposition, only one copy of such deposition shall be provided.  Such copy shall contain highlighting by each party, and each party shall use a different highlight color.

The parties shall include the following text in this section of the joint pre-hearing statement:  "Each party hereby acknowledges by signing this joint pre-hearing statement that any deposition not listed as provided herein will not be allowed, absent good cause."

## F.      ESTIMATED LENGTH OF HEARING

The Court has set aside four (4) hours for this hearing.

## G.      PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Each party shall submit a **separate** Proposed Findings of Fact and Conclusions of Law no later than the date the joint pre-hearing statement is due.  The Proposed Findings of Fact and Conclusions of Law shall be submitted by:

1.      **Electronically** filing a Notice of Filing the Proposed Findings of Fact and Conclusions of Law with the Clerk of the Court (the Proposed Findings of Fact and Conclusions of Law shall be attached to the Notice;

2.      **Courtesy hard copy** delivered or mailed to chambers (papers shall be three-hole punched); and

3.      **Courtesy electronic copy in Microsoft Word format** to the chambers e-mail address.[5]  Additionally, Plaintiff shall submit in this fashion a proposed preliminary injunction, including the proposed bond amount.

**Dated** this 30th day of July, 2018.

Honorable Diane J. Humetewa
United States District Judge

---

[5] Humetewa_Chambers@azd.uscourts.gov

ATTACHMENT #1

**EXHIBITS - MARKING, LISTING AND CUSTODY**
Honorable Diane J. Humetewa, United States District Judge
(Judge Code 7036)

Judge Humetewa's courtroom deputy is:

Liliana Figueroa
602-322-7212
Liliana_Figueroa@azd.uscourts.gov

**Marking and listing of exhibits is the responsibility of counsel**, not the courtroom deputy. Exhibits shall be delivered to the courtroom deputy the day of the hearing or as early as the day before the hearing, unless otherwise authorized by the courtroom deputy.

Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein. In addition to **marking exhibits**, counsel shall prepare **exhibit and witness lists** and provide the lists to the courtroom deputy in triplicate (1 original and 2 copies), along with the actual exhibits. These forms are attached and are available on the court's website (www.azd.uscourts.gov, in the Judges' Orders, Forms & Procedures section).

Please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

Counsel shall e-mail the courtroom deputy at least **one (1) business day prior** to the hearing with a list, **in Microsoft Word format**, of any medical and technical terms and terms specific to the case. This list will be provided to the court reporter.

USE OF LABELS/COVER SHEET

1.      Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff (yellow) or defendant (blue).

2.      Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits **prior to the hearing**. Cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard-size paper exhibits. The cover sheet shall be **stapled** to the top of the original exhibit, and the exhibit shall be placed in a manila folder numbered to correspond with the exhibit number. Counsel shall prepare extra cover sheets and provide extra manila folders for exhibits that may be marked during the hearing.

3.     If the paper exhibit is too large to staple, use a two-hole ACCO fastener to fasten the exhibit at the top of the page, and include an exhibit cover sheet attached to the front of the exhibit.

4.     If the exhibit is a photograph or item smaller than 8" x 10", **staple** it to an exhibit cover sheet **or** place an exhibit label on the reverse side, in the lower right-hand corner.

5.     Large or bulky exhibits may require the use of tie tags with the exhibit label placed on the tag or in a logical location on the item or on the plastic bag containing the item.

6.     Large charts should be identified in the lower right-hand corner with an exhibit label.  If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

NUMBERING

1.     Blocks of numbers are assigned to each side:  plaintiff starts with number 1 through the estimated number of exhibits.  Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits that may need to be marked during the hearing.  (Example: Plaintiff 1 - 80; Defendant 100- ).  Exhibit numbers not used will be noted by the clerk on the exhibit list.  **Failure to comply with this directive will result in exhibits being re-marked by counsel.**

2.     Plaintiff and defendant shall consult with one another prior to marking exhibits to **avoid marking duplicates**.  If plaintiff marks a document, the defendant should not mark the same document.  The exhibits are considered court exhibits, not plaintiff and defendant.  Either side may move the other's exhibits into evidence.

3.     Use **NUMBERS ONLY** except when identifying sub-parts (e.g. 3a, 3b, 3c).  If the sub-parts will be more than a through z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, 4c, etc. or 3-1, 3-2, 3-3, etc.).  It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen to exhibits 1aa - 1eeee.  Categorizing exhibits should be kept as simple and clear as possible.  For the most part, **USE NUMBERS**.

4.     Multiple page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands.  **If submitted in this fashion, exhibits will be returned to counsel to be re-submitted stapled or with ACCO fasteners.**  Regarding bulky documents, BATES stamp numbers may be placed on each page and can be continuously numbered for easy reference.

5. Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs; etc.)

USE OF FOLDERS

1. Place exhibits in folders so that the exhibits may be pulled out of the folder during the hearing. **DO NOT** attach the exhibit to the file folder. Label the top of the folder to identify the exhibit. Provide extra folders to the courtroom deputy for exhibits marked during the hearing.

2. Place the exhibit folders in a box in numerical order. Mark the outside of the box as to what exhibits are contained therein. Leave room in the box for any extra exhibits that may be submitted during the hearing.

3. **DO NOT** place exhibits in binders except when the binder is considered ONE exhibit. Mark the binder with an exhibit label in the lower right-hand corner.

4. **A courtesy copy of the exhibits should be prepared for the judge**. Place these exhibits in **3-ring binders** with numbered tabs to correspond with exhibit numbers. The Judge's copies should **not** have original exhibit covers sheets on them.

EXHIBIT LISTS

1. Exhibits may be listed on the exhibit worksheet provided or the exhibit worksheet reproduced on a word processor (**Microsoft Word compatible**) using the same format. The form is self-explanatory. Be sure and leave enough space to add additional information, such as sub-parts and additional exhibits.

2. Email the courtroom deputy clerk a copy of the exhibit worksheet in WORD format. Additionally, provide the courtroom deputy clerk with an original and two (2) copies of the exhibit list the morning of the hearing or as otherwise directed. **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the exhibit list.**

WITNESS LISTS

1. Witnesses may be listed on the witness worksheet provided or the witness worksheet reproduced on a word processor (**Microsoft Word compatible**) using the same format. Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the list. This is helpful when names have to be added that are not on the list. **Counsel are not to provide the courtroom deputy with the**

- 9 -

**Pretrial Order (civil cases) in lieu of the witness list.**

2.    Counsel shall e-mail the courtroom deputy a copy of the witness worksheet in Microsoft Word format. Additionally, provide the courtroom deputy with the original and two (2) copies of the witness list the morning of the hearing or as otherwise directed.

<u>SENSITIVE EXHIBITS</u>

1.    The courtroom deputy will **NOT** take custody of any sensitive exhibits. During lengthy breaks, these exhibits are returned to the counsel until proceedings resume. Pursuant to General Order 87-7 dated July 30, 1987,

> "the arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout, and after the trial. Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the court."

<u>IMPEACHMENT EXHIBITS</u>

1.    Impeachment exhibits are given to the courtroom deputy **the day of the hearing** (unless other arrangements are made) in a SEALED envelope. The envelope should be marked with the caption of the case, case number and shall identify the party presenting the exhibit. If there is more than one exhibit in the envelope, mark each exhibit with a SEPARATE NUMBER so it can be easily identified. Do not using any numbers previously used for marking non-impeachment exhibits. **<u>Prepare an impeachment exhibit list for the courtroom deputy (in the accepted format</u>**) and a courtesy copy for the Court. The courtroom deputy will assign the next available number if and when the exhibit is used during the hearing.

2.    Provide an **extra copy** of impeachment exhibits in a sealed envelope as a courtesy copy for the Court with accompanying exhibit list.

<u>STIPULATED EXHIBITS</u>

1.    Parties may agree on most of the exhibits prior to the hearing and as listed in the pretrial order. Counsel may give the courtroom deputy a list of the stipulated exhibits to be marked in evidence before moving for their admission on the record. For example, stipulated exhibits 1-28, 31, 45-50, etc. The clerk will then mark those exhibits and the exhibit list as 'admitted into evidence."

## DEPOSITIONS

1.  Depositions ARE NOT to be marked as exhibits. Identify them by party, so they can be returned to the correct party after the hearing. Place them in alphabetical order and give them to the courtroom deputy the day of the hearing.

## MEDICAL OR TECHNICAL TERMS

1.  Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of the hearing. These lists should be emailed to the courtroom deputy clerk as set forth on page 1, paragraph 5.

## RETURN OF EXHIBITS

1.  Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to respective parties to retain custody pending all appeals. If the exhibits are not picked up within **thirty (30) days** of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2.  Usually exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of the hearing. When the case is taken under advisement and a court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

Questions about exhibits shall be directed to:

> Liliana Figueroa
> Courtroom Deputy Clerk to Judge Humetewa
> 602-322-7212
> Liliana_Figueroa@azd.uscourts.gov

Sample exhibit and witness lists and exhibit tags are attached. On the exhibit worksheet and witness lists, counsel shall modify forms to reflect the correct title number.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CIVIL EXHIBIT LIST**

___ Preliminary Injunction ___ TRO ___ Non-Jury Trial ___ Jury Trial

Case Number _____ Judge Code _____ Date _____

_____ vs. _____

__ Plaintiff/Petitioner     __ Defendant/Respondent

| Exhibit No. | Marked for ID | Admitted in Evidence | Description |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

### CIVIL WITNESS LIST

___ Preliminary Injunction    ___ TRO    ____ Non-Jury Trial    ___ Jury Trial

Case Number _____         Judge Code __         Date _____

_____ vs. _____

___ Plaintiff/Petitioner         ___ Defendant/Respondent

| NAME | SWORN | APPEARED |
|------|-------|----------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

CASE NO. _____

_____

VS. _____

PLAINTIFF'S EXHIBIT _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
Deputy Clerk

CASE NO. _____

_____

VS. _____

DEFENDANT'S EXHIBIT _____

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
Deputy Clerk